IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JEREMY FAULK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:18-cv-341 |
| | § | [Removed - 414th Judicial District |
| BAYLOR UNIVERSITY, | § | Court of McLennan County, Texas |
| | § | Cause No. 2018-3810-5] |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Baylor University, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this civil action from the District Court of McLennan County, Texas, to the United States District Court for the Western District of Texas. The grounds in support of this Notice of Removal are as follows:

1. On October 17, 2018, Plaintiff filed his Original Petition against Baylor University styled *Jeremy Faulk v. Baylor University*, Cause No. 2018-3810-5, in the 441st Judicial District Court of McLennan County, Texas (the "State Court Action"), which is located within the Western District of Texas, Waco Division. Copies of Plaintiff's Petition and Citation, which constitute all process, pleadings, or orders served on Defendant, are attached hereto as Exhibit A.

2. This Notice of Removal is timely. The Original Petition and Citation were served on Baylor University by process server on October 22, 2018. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within 30 days of service of the Petition and Citation on Defendant.

3. The State Court Action is properly removable to the United States District Court because this Court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The Plaintiff's Petition alleges a federal cause of action pursuant to Title IX, 20 U.S.C. § 1681, et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim allegedly arising under federal law.

4. The State Court Action is also properly removable to the United States District Court on the basis of diversity jurisdiction. A defendant may remove a suit over which a federal district court would have original jurisdiction, 28 U.S.C. § 1441(a), and federal district courts have original jurisdiction over suits between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

5. The parties to this suit are diverse. Baylor University is a non-profit corporation organized under the laws of the State of Texas with its principal place of business at One Bear Place, #97034, Waco, Texas 76706. Ex. B at ¶ 2. Defendant is a citizen of Texas. *Id*. Plaintiff is a citizen of the State of Florida. Ex. A, Pet. at ¶ 2.

6. In addition, the amount in controversy exceeds the $75,000 jurisdictional minimum. Although Plaintiff failed to comply with Texas Rule of Civil Procedure 47 by including a statement of the monetary relief he seeks, it is facially apparent from Plaintiff's state court pleading that the amount in controversy exceeds $75,000. Specifically, Plaintiff seeks "past and future economic losses, loss of educational and professional opportunities, loss of future career prospects and other direct and consequential damages in an amount greatly in excess of the minimum jurisdictional limits of this court." Ex. A, Pet. at ¶ 47. The "economic losses" and

"loss of professional opportunities" to which Plaintiff refers are related to his speculative career as a professional football player in the National Football League (NFL). Ex. A, Pet. at ¶¶ 43, 47.

7. In the State Court Action, Plaintiff alleges that Defendant's actions in connection with its Title IX investigation were "a deterrent to [Plaintiff] making an NFL squad" and claims that "[a]s a direct, proximate and foreseeable consequence of Baylor's Title IX violation" he suffered loss of "professional opportunities [and] loss of future career prospects." Ex. A, Pet. at ¶¶ 43, 47. In 2017, the NFL's minimum salary for players entering their first year of professional football was $465,000.[1] In the State Court Action, Plaintiff seeks damages from Defendant for his alleged loss of "professional opportunities [and] loss of future career prospects"—effectively, lost wages from Plaintiff's prospective NFL career, which he claims was derailed as a result of Defendant's acts and omissions in 2016. Ex. A, Pet. at ¶ 47. Further, Plaintiff is seeking punitive damages. Ex. A, Pet at ¶ 50. Therefore, it is readily apparent that Plaintiff seeks damages in excess of the jurisdictional minimum of $75,000.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

9. Defendant filed an answer in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon or filed by Defendant in the State Court Action are collectively attached as Exhibit A and incorporated herein by reference.

10. Upon the filing of this Notice of Removal, Defendant will give written notice to Plaintiff and will file a copy of this Notice of Removal along with the requisite notice thereof with the Clerk of the District Court of McLennan County, Texas, with service upon Plaintiff.

11. By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it.

---

[1] *See* NFL Minimum Salaries, Spotrac.com, http://www.spotrac.com/blog/nfl-minimum-salaries-for-2018/.

**NOTICE OF REMOVAL**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PAGE 3**

WHEREFORE, Defendant Baylor University requests that this Court assume jurisdiction over this controversy and that this matter proceed in the United States District Court for the Western District of Texas, Waco Division.

Dated this 15th day of November 2018.

        Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

By:   /s/ Julie A. Springer
        Julie A. Springer
        State Bar No. 18966770
        jspringer@wshllp.com
        Sara E. Janes
        State Bar No. 24056551
        sjanes@wshllp.com
        John Runde
        State Bar No. 24093084
        jrunde@wshllp.com

**ATTORNEYS FOR DEFENDANT**
**BAYLOR UNIVERSITY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record herein by way of:

- ☐ U.S. Mail, First Class
- ☐ Certified Mail
- ☐ Facsimile
- ☐ Federal Express
- ☐ Hand Delivery
- ☒ E-Mail
- ☐ ECF (electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

on this 15th day of November 2018, to wit:

Richard L. Tate
TATE MOERER & KING, LLP
206 South 2nd Street
Richmond, Texas 77469
713.341.0077
713.341.1003 fax
rltate@tate-law.com

**ATTORNEY FOR PLAINTIFF**
**JEREMY FAULK**

              /s/ Julie A. Springer
              Julie A. Springer